UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

RONALD SATISH EMRIT,
    Plaintiff,

  v.                CIVIL ACTION NO. 14-14769-GAO

NATIONAL GRID, INC., ET AL.,
    Defendants.

MEMORANDUM AND ORDER

O'TOOLE, D.J.

BACKGROUND

On December 31, 2014, plaintiff Ronald Satish Emrit ("Emrit"),[1] currently a resident of Las Vegas, Nevada, filed a self-prepared handwritten Complaint against National Grid, Inc. and the Community Action Partnership of Providence ("CAPP"). Emrit asserts his causes of action are: (1) breach of contract; (2) violations of the Equal Protection, Due Process, and Privileges and Immunities Clauses; and (3) negligence. He sues the defendants for joint and several liability.

With respect to jurisdiction and venue, Emrit asserts that diversity jurisdiction under 28 U.S.C. § 1332 exists because there is complete diversity and the amount in controversy exceeds $75,000.00. He alleges that he is a citizen of Nevada, that National Grid, Inc. has its principal place of business in Waltham, Massachusetts, and that CAPP has its principal place of business in Providence, Rhode Island. Additionally, Emrit asserts this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 based on the alleged constitutional violations. Further, he asserts, without explanation, that venue is proper in this District.

---

[1] Emrit is a frequent filer. A review of the PACER records indicates that Emrit has filed at least 123 cases in many states across this country.

Along with the Complaint, Emrit filed a Motion for Leave to Proceed *in forma pauperis* (Docket No. 2).

On January 13, 2015, Emrit filed a Motion for Preliminary Injunction (Docket No. 5) seeking an Order enjoining the defendants from contacting him or his roommate about past due bills, and from referring to a "delinquent account" to a bill collection agency. Emrit also seeks a preliminary injunction requiring the defendants to pay his current electricity and gas bill with other utility providers in Las Vegas.

The same day, Emrit filed a Motion for a Default Judgment (Docket No. 6), a Motion to Subpoena Witnesses (Docket No. 7), a Motion to Compel Discovery (Docket No. 8), and a Motion for Summary Judgment (Docket No. 9).

## DISCUSSION

I.    The Motion for Leave to Proceed *In Forma Pauperis*

Upon review of Emrit's financial affidavit, this Court finds that he has demonstrated sufficiently that he lacks funds to pay the $400.00 filing and administrative fees for this action. Accordingly, his Motion for Leave to Proceed *in forma pauperis* (Docket No. 2) is ALLOWED.

II.   Screening of the Complaint

Because Emrit is proceeding *in forma pauperis*, his Complaint is subject to screening under 28 U.S.C. § 1915(e)(2). This statute authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action is malicious, frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2).

In addition to the statutory screening requirements under § 1915, this Court has an independent obligation to inquire, *sua sponte,* into its own subject matter jurisdiction.

Because Emrit is proceeding *pro se*, this Court liberally construes his Complaint. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Haines v. Kerner, 404 U.S. 519, 520 (1972); Instituto de Educacion Universal Corp. v. U.S. Dept. of Education, 209 F.3d 18, 23 (1st Cir. 2000).

Although this Court finds that there are a number of legal impediments to Emrit's claims (discussed in part, *infra*), this Court will permit this action to proceed at this time, and will direct the issuance of summonses as to each defendant. After service, the defendants may file a Motion for a More Definite Statement, or some other motion if appropriate. Additionally, since Emrit is proceeding *in forma pauperis*, the United States Marshal Service shall effect service of process and advance the costs of service, should Emrit elect this option.

III.   The Motion for Preliminary Injunction

As noted above, Emrit seeks an Order enjoining the defendants from contacting him or his roommate about past due bills, prohibiting them from referring to a "delinquent account" to a bill collection agency, and requiring the defendants to pay his current electricity and gas bill with other utility providers in Las Vegas.

To obtain the extraordinary remedy of preliminary injunctive relief, Emrit must show that: (1) he will suffer irreparable harm absent the injunction; (2) the injury outweighs the harm to the defendants if granted; (3) he is likely to succeed on the merits of the case, and (4) the injunction does not adversely affect the public interest. Voice of The Arab World v. MDTV Med. News Now, Inc., 645 F.3d 26, 32 (1st Cir. 2011); Planned Parenthood League of Mass. v. Bellotti, 641 F.2d 1006, 1009 (1st Cir. 1981); see Weaver v. Henderson, 984, F. 2d 11, 12 (1st. 1993); Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Bishop, 839 F. Supp. 68, 70 (D. Mass. 1993) (extending four part preliminary injunction test to temporary restraining orders). Likelihood of success on the merits is the critical element of the four-factor framework. Weaver

v. Henderson, 984 F.2d at 12.

The Court finds that issuance of a preliminary injunction is not warranted at this time. The plaintiff has not demonstrated a likelihood of success on the merits.

Accordingly, Emrit's Motion for a Preliminary Injunction (Docket No. 5) is <u>DENIED</u>.

IV.   <u>The Motion for Default Judgment, The Motion to Subpoena Witnesses, the Motion to Compel Discovery, and the Motion for Summary Judgment</u>

In light of the above discussion, Emrit's various motions for discovery and other relief are premature and/or unfounded.

Accordingly, Emrit's Motion for Default Judgment (Docket No. 6), his Motion to Subpoena Witnesses (Docket No. 7), his Motion to Compel Discovery (Docket No. 9), and his Motion for Summary Judgment (Docket No. 9), are <u>DENIED</u>.

As an additional matter, Emrit has requested in his motions that this Court pay for the costs of issuance of subpoenas, interrogatories, depositions, and other discovery. Those requests also are <u>DENIED</u>. Although Emrit has been permitted to proceed *in forma pauperis*, this extends only to the waiver of the $400.00 filing and administrative fees, and to an order directing the United States Marshal to advance the costs of service. No other costs of litigation are authorized.

V.   <u>Declination to Appoint *Pro Bono* Counsel</u>

Because of Emrit's requests for the Court to pay costs of litigation, this Court has considered whether appointment of *pro bono* counsel is warranted, as some costs are reimbursable to counsel through this Court's Pro Bono Plan. Despite Emrit's indigency, there is no good cause for the expenditure of scarce *pro bono* resources, given the legal impediments to his claims. Further, as noted above, Emrit is no stranger to litigation, having filed at least 123

cases across the country. He also claims to have attended law school in Florida, and in other records, he indicated he has not passed a bar examination.

In light of this, the Court **DECLINES** to appoint *pro bono* counsel for Emrit.

## CONCLUSION AND ORDER

Based on the foregoing, it is hereby Ordered that:

1. Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Docket No. 2) is **ALLOWED**;

2. Plaintiff's Motion for a Preliminary Injunction (Docket No. 5) is **DENIED**;

3. Plaintiff's Motion for a Default Judgment (Docket No. 6) is **DENIED**;

4. Plaintiff's Motion to Subpoena Witnesses (Docket No. 7) is **DENIED**;

5. Plaintiff's Motion to Compel Discovery (Docket No. 8) is **DENIED**;

6. Plaintiff's Motion for Summary Judgment (Docket No. 9) is **DENIED**;

7. As a *pro se* litigant, Plaintiff may not represent the interests of his roommate;

8. The Court **DECLINES** to appoint *pro bono* counsel;

9. The Clerk shall issue summonses as to National Grid, Inc. and Community Action Partnership of Providence;

10. The Clerk shall send the summonses, a copy of the Complaint, and this Memorandum and Order to the plaintiff, who must thereafter serve the defendants in accordance with Federal Rule of Civil Procedure 4(m).

11. The plaintiff may elect to have service made by the United States Marshal Service. If directed by the plaintiff to do so, the United States Marshal shall serve the summonses, Complaint, and this Memorandum and Order upon the defendants, in the manner directed by the plaintiff, with all costs of service to be advanced by the United States Marshal Service.[2]

12. Notwithstanding Fed. R. Civ. P. 4(m) and Local Rule 4.1, the plaintiff shall have 120

---

[2]Notwithstanding this directive to the United States Marshal Service, Emrit remains solely responsible for effecting service and providing all necessary paperwork and information to the United States Marshal Service in a timely fashion.

days from the date of issuance of summonses to complete service. Failure to effect timely service may result in a dismissal of this action.

SO ORDERED.

/s/ George A. O'Toole, Jr.
GEORGE A. O'TOOLE, JR.
UNITED STATES DISTRICT JUDGE

DATED: July 14, 2015