UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 14-14769-GAO

RONALD SATISH EMRIT,
Plaintiff,

v.

NATIONAL GRID, INC. and
COMMUNITY ACTION PARTNERSHIP OF PROVIDENCE (CAPP),
Defendants.

OPINION AND ORDERD
July 20, 2016

O'TOOLE, D.J.

The plaintiff, Ronald Satish Emrit, acting *pro se*, alleges a variety of claims against the defendants under contract, tort, and constitutional law. One of the defendants, National Grid—named in the Complaint as "National Grid, Inc.," more on that later—is a utility company that is said to have provided the plaintiff with electricity and gas when he was living in Providence, Rhode Island. The other defendant, Community Action Partnership of Providence ("CAPP"), is not well described in the Complaint, but CAPP's filings indicate that it is a Providence-based non-profit that provides various services to low-to-moderate income individuals and families. (See Def. CAPP Mem. of Law in Supp. of Its Mot. to Dismiss for Lack of Personal Jurisdiction 2 (dkt. no. 22-1).) According to the Complaint, the defendants did not provide, or were slow in providing, cash assistance to help pay the plaintiff's utility bills.

CAPP has filed a motion to dismiss the claims against it for lack of personal jurisdiction. For the following reasons, CAPP's motion is granted.

A federal court has no authority to hear a case against a defendant over whom it does not have personal jurisdiction. Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A., 290 F.3d 42, 50 (1st Cir. 2002). The burden is on the plaintiff to establish personal jurisdiction. Id. at 50. To decide whether a plaintiff has met this burden, a district court "may choose from among several methods." Id. at 50–51. The "most conventional" of these methods, and least onerous for the plaintiff, is the "prima facie" method, wherein a court considers "only whether the plaintiff has proffered evidence that, if credited, is enough to support findings of all facts essential to personal jurisdiction." Id. at 51 (citation omitted). Applying this method here, Emrit has failed to satisfy his burden with regard to CAPP.

Personal jurisdiction over a defendant is proper only if the requirements of both the Massachusetts long-arm statute, Massachusetts General Laws Chapter 223A, Section 3, and the Due Process Clause of the 14th Amendment of the Constitution are fulfilled. Id. at 52. The First Circuit has suggested that Massachusetts's long-arm statute "may impose limits on the exercise of personal jurisdiction 'more restrictive' than those required by the Constitution." A Corp. v. All Am. Plumbing, Inc., 812 F.3d 54, 59 (1st Cir. 2016). However, there is no need to grapple with the scope of the long-arm statute because Emrit has failed to meet the requirements of the Due Process Clause.

There are two flavors of personal jurisdiction under the Due Process Clause, general personal jurisdiction and specific personal jurisdiction. See Daynard, 290 F.3d at 51. Both look at the contacts of the defendant, here CAPP, with the forum State, here Massachusetts. The problem with applying personal jurisdiction over CAPP is the same under either analysis: the Complaint contains no allegations of *any* contact by CAPP with Massachusetts.

General jurisdiction exists over defendants when their contacts with the forum state are "so 'continuous and systematic' as to render them essentially at home in the forum State." Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011). Emrit has asserted no facts suggesting that CAPP—a non-profit based in Rhode Island—has engaged in *any* activities in Massachusetts, much less continuous and systematic activities.

In the absence of general jurisdiction, the inquiry shifts to specific jurisdiction. Foster-Miller, Inc. v. Babcock & Wilcox Canada, 46 F.3d 138, 144 (1st Cir. 1995). To maintain specific jurisdiction, Emrit must show that his claims arose out of or are related to CAPP's activities in Massachusetts, that CAPP purposefully availed itself "of the privilege of conducting activities" in Massachusetts, and that the exercise of jurisdiction is reasonable. See id. Emrit cannot meet these requirements. For all that appears, CAPP's interaction with the plaintiff is limited to its denial of assistance to him while he was living in Providence. (See Compl. ¶¶ 13–15 (dkt. no. 1).) Massachusetts has nothing to do with his claims against CAPP. This Court has no personal jurisdiction over CAPP on these claims.

However, consideration of Emrit's claims against CAPP does not end there. After finding that it lacks personal jurisdiction, a court may transfer the case to the appropriate district court under 28 U.S.C. § 1631 rather than dismiss it. See Fed. Home Loan Bank of Bos. v. Moody's Corp., 821 F.3d 102, 119 (1st Cir. 2016); Britell v. United States, 318 F.3d 70, 73–76 (1st Cir. 2003). There is a rebuttable presumption that a court will transfer the action "if it is in the interest of justice" to do so. Brittel, 318 F.3d at 73 (quoting 28 U.S.C. § 1631).

Determining whether to transfer or dismiss an action requires consideration of (1) whether transfer would unfairly benefit Emrit, (2) whether transfer would impose an unwarranted hardship on CAPP, and (3) whether transfer would unduly burden the judicial system. See id. at 74. A court

3

must review the entire record and consider the "totality of the circumstances" in determining whether these factors have been satisfied. Id. at 74–75. When considering whether transfer would burden the judicial system, the transferor court can look to whether the transferee court is likely to dismiss the action on the merits. Id. at 75 ("[I]f an action or appeal is fanciful or frivolous, it is in the interest of justice to dismiss it rather than to keep it on life support (with the inevitable result that the transferee court will pull the plug).").

After reviewing the record as a whole, concerns about judicial economy warrant dismissal. The allegations in the Complaint tend towards the conclusory and fail generally to show how CAPP had a legal duty to the plaintiff or how the plaintiff was discriminated against in any constitutional sense. In addition, the plaintiff has not opposed the motion to dismiss.

For those reasons, CAPP's Motion to Dismiss for Lack of Personal Jurisdiction (dkt. no. 22) is GRANTED and CAPP is dismissed from this case.

That leaves the claims asserted against National Grid. National Grid remains unserved and has not appeared in this action. The caption of the Complaint names National Grid as "National Grid, Inc." The United States Marshals Service attempted service on that entity, but the proof of service was returned unexecuted. In the "Remarks" section of the document, the deputy marshal wrote the following: "Refused Service, Summons indicates National Grid, Inc. General Counsel will only accept service for correct entity, National Grid USA NOT National Grid, Inc." (Process Receipt & Return 1 (dkt. no. 21).)

A new summons shall issue in the name of "National Grid USA." The parties are reminded that *pro se* pleadings are construed liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

The Clerk shall send the summons and a copy of the Complaint to the plaintiff, who must thereafter serve National Grid. The plaintiff may elect to have service made by the United States Marshals Service. If directed by the plaintiff to do so, the Marshals Service shall serve the summons and Complaint upon National Grid, in the manner directed by the plaintiff, with all costs of service to be advanced by the United States Marshals Service.

The plaintiff shall have thirty (30) days from the date of the issuance of the summons to complete service and file proof of service in this case. Because the original service window has expired, failure to do so will result in the termination of this action. I specifically find that "good cause" exists for extending the service period given the technical nature of National Grid's objection to service. See Fed. R. Civ. Pro. 4(m).

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge