UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 14-14769-GAO

RONALD SATISH EMRIT,
Plaintiff,

v.

NATIONAL GRID, INC. and
COMMUNITY ACTION PARTNERSHIP OF PROVIDENCE (CAPP),
Defendants.

OPINION AND ORDER
June 29, 2017

O'TOOLE, D.J.

*Pro se* plaintiff Ronald Satish Emrit alleges various claims against the defendant, National Grid, Inc., relating to the delay and/or failure to provide him with financial assistance pursuant to the Henry Shelton Act and the Low Income Home Energy Assistance Program. The defendant National Grid has moved to dismiss the Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) (dkt. no. 30).[1] The defendant, however, has already answered the Complaint.[2] "A motion asserting [failure to state a claim upon which relief can be granted] must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b)(6). Accordingly, the Court construes the motion as a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). See Rice v. New Eng. Coll., 676 F.2d 9, 10 (1st Cir. 1982) (converting motion to dismiss to motion for judgment on the pleadings when affirmative defense

---

[1] Claims against the named co-defendant, Community Action Partnership of Providence, were previously dismissed for lack of personal jurisdiction over that defendant. (Dkt. no. 24.)
[2] In its Answer (dkt. no. 28), the defendant asserts the affirmative defense of failure to state a claim upon which relief may be granted.

asserted in answer); see also Ford v. Lehman Capital, Civil Action No. 10-40092-FDS, 2012 WL 1343977, at *3 (D. Mass. Apr. 17, 2012) (citing Patel v. Contemporary Classics of Beverly Hills, 259 F.3d 123, 126 (2d Cir. 2001). The motion stands unopposed. For the reasons outlined below, the defendant's motion is GRANTED.

A Rule 12(c) motion for judgment on the pleadings "is treated much like a Rule 12(b)(6) motion to dismiss." Pérez-Acevedo v. Rivero-Cubano, 520 F.3d 26, 29 (1st Cir. 2008). The Court takes as true all well-pled factual allegations, which must state a claim to relief that is plausible on its face. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

As an initial matter, the Complaint does not contain sufficient factual allegations to support the plaintiff's claims that the defendant violated his rights under the Equal Protection, Due Process, and Privileges and Immunities Clauses—Counts III, IV, and V, respectively. Nor has the plaintiff pled those claims by invoking 42 U.S.C. § 1983, which must be employed to bring such federal constitutional claims. See Schomburg v. Johnson, Civil Action No. 08-11361-GAO, 2009 WL 799466, at *2 (D. Mass. Mar. 25, 2009). Generally, claims pled directly pursuant to the Constitution entitle the defendant to dismissal. Even construing the Complaint to allege causes of action under § 1983, the allegations fall short of the necessary pleading standard because the Complaint fails to allege that the defendant acted under color of state law. See Soto v. Flores, 103 F.3d 1056, 1061 (1st Cir. 1997) (finding as an "essential element" of a claim under § 1983 that the challenged conduct be attributable to a person acting under color of state law). Accordingly, Counts III, IV, and V are dismissed.

The plaintiff also purports to bring a breach of contract claim in Count I and a negligence claim in Count II of the Complaint. He asserts that the defendant provided electric power and natural gas to the residence he shared with a roommate, and the plaintiff "frequently" paid the

asserted in answer); see also Ford v. Lehman Capital, Civil Action No. 10-40092-FDS, 2012 WL 1343977, at *3 (D. Mass. Apr. 17, 2012) (citing Patel v. Contemporary Classics of Beverly Hills, 259 F.3d 123, 126 (2d Cir. 2001). The motion stands unopposed. For the reasons outlined below, the defendant's motion is GRANTED.

A Rule 12(c) motion for judgment on the pleadings "is treated much like a Rule 12(b)(6) motion to dismiss." Pérez-Acevedo v. Rivero-Cubano, 520 F.3d 26, 29 (1st Cir. 2008). The Court takes as true all well-pled factual allegations, which must state a claim to relief that is plausible on its face. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

As an initial matter, the Complaint does not contain sufficient factual allegations to support the plaintiff's claims that the defendant violated his rights under the Equal Protection, Due Process, and Privileges and Immunities Clauses—Counts III, IV, and V, respectively. Nor has the plaintiff pled those claims by invoking 42 U.S.C. § 1983, which must be employed to bring such federal constitutional claims. See Schomburg v. Johnson, Civil Action No. 08-11361-GAO, 2009 WL 799466, at *2 (D. Mass. Mar. 25, 2009). Generally, claims pled directly pursuant to the Constitution entitle the defendant to dismissal. Even construing the Complaint to allege causes of action under § 1983, the allegations fall short of the necessary pleading standard because the Complaint fails to allege that the defendant acted under color of state law. See Soto v. Flores, 103 F.3d 1056, 1061 (1st Cir. 1997) (finding as an "essential element" of a claim under § 1983 that the challenged conduct be attributable to a person acting under color of state law). Accordingly, Counts III, IV, and V are dismissed.

The plaintiff also purports to bring a breach of contract claim in Count I and a negligence claim in Count II of the Complaint. He asserts that the defendant provided electric power and natural gas to the residence he shared with a roommate, and the plaintiff "frequently" paid the

monthly bills. (Compl. ¶ 14 (dkt. no. 1).) While these allegations might be regarded as sufficient to allege the existence of a contract for the supply of electricity and gas, the Complaint does not assert a breach of that supposed contract. There is no allegation, for example, that the plaintiff duly paid for the service but the defendant did not provide it. Rather, the Complaint alleges that the plaintiff and his roommate requested financial assistance from the defendant pursuant to some programs but did not receive the requested assistance. There are no facts alleged that would show that a failure to provide the requested assistance was a breach of some undescribed contract. Similarly, the Complaint fails to allege facts that would establish a duty of care owed to the plaintiff by the defendant, the breach of which could be remediable by a tort claim for negligence. While the Complaint refers to some financial assistance programs, there are no factual allegations that outline what obligations the defendant owed him, and breached, under those programs. In short, the Complaint lacks factual allegations sufficient to outline common law claims that are plausible on their face. See Iqbal, 556 U.S. at 678.

The defendant's motion to dismiss (dkt. no. 30), construed as a motion for judgment on the pleadings, is GRANTED. The action is DISMISSED.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge